By the Court.—Sedgwick, J.
I am of opinion, that the judgment should be affirmed, and proceed to examine the exceptions argued on this appeal by the appellant’s learned counsel,
A deposition de T)ene esse was offered in evidence. This had been taken after Louis Stettauer had answered, but before Charles S. Stettauer had appeared or answered. Counsel for Charles S. Stettauer objected to the admission at all of the deposition, on the ground that it was taken before Charles S. Stettauer had appeared. If this were so, the referee would not have been justified in preventing the plaintiff using it as testimony against Louis Stettauer. He, therefore, properly admitted it. At the same time he made a ruling which by misprinting, as I think, does not appear correctly in the printed book. - The meaning of the referee, was, I have no doubt, that, although admitted as against Louis Stettauer, the deposition would not affect Charles Stettauer, excepting as it would have affected him as partner of Louis, if Charles had not appeared at all. Perhaps as the case stood, under oar system of practice, this might have been hard to accomplish, yet the referee was correct in his ruling upon the objection made.
The defendants moved for a non-suit on the ground that it appeared on plaintiff's case, that when the draft in question was drawn, there had been actually delivered one thousand dollars worth of beef, at least, more than was included in the draft, which was for three thousand five hundred and five dollars and ninety-seven cents. The argument was, that by the contract, payment was to be made on the first, day of each month, in drafts at twenty days’ sight on C. S. Stettauer & Co.: *68 that the plaintiff had no rightto draw, nor had the commissary to endorse, any draft except in accordance with this contract; that the defendants were not obliged to pay any drafts not drawn in accordance with the contract ; and that if the plaintiff could draw for any part less than the whole of the amount of beef delivered during the preceding month, there is no limit to the number of drafts that he might draw.
Undoubtedly, the form of the contract is the only basis of the obligation of the defendants to the plaintiff, but the defendants must rely upon the words as they are. The contract says that, after the beef has been delivered, ihe defendants promise that payment shall be made (of course by them), on the first day of such month in drafts, not draft. The defendants therefore can not rely on this provision as establishing their right to claim that they only promised to pay, if a single draft was presented which was for the exact amount of beef delivered in the preceding month. Nor does this provision establish as a condition precedent to the obligation to pay that there should be a demand for the payment of such a draft. The reasonable construction of the provision is, that the beef of one month is to be paid, not in cash at the end of the month, but by means of drafts drawn by plaintiff, the payment of which should become due on the twentieth of the following month. The defendants would not be subjected to annoyance from the amounts of the drafts being made very small. The number is not expressed, but the law construes the contract with reference to the transaction provided for by it.
As to another ground upon which a non-suit was asked, viz., that there was no evidence that the draft had ever been presented to the defendants for acceptance, the' testimony of the notary Fanning being insufficient from its peculiar character, and each of the defendants having testified that the draft was not pre *69 sented, I am of opinion that the referee was at liberty to find, as he did, that the draft was presented upon the testimony showing that the defendants had repeatedly promised to pay the particular draft. Looking at this as mere circumstantial evidence, the referee had a right to infer that all had been done as to the draft, which was necessary to create a legal liability in reference to it, on the part of the defendants. There was no sort of evidence that the defendants promised under a mistake as to the facts, or from a benevolent motive, or a moral and not legal obligation. It is not necessary, therefore, to pass upon what would have been the effect of the notary’s evidence, if his had been the only testimony in this case.
Another ground upon which a non-suit was asked, was that it appeared that the cause of action was not in the plaintiff, because that at the time the draft was presented, it was owned by another than the plaintiff, who knew that it was drawn under the contract proven. This is supported by the argument, that the delivery of the draft was an assignment pro tanto of what was due to plaintiff under the contraer. This has no solid foundation. The draft was properly a bill of exchange only. It could operate as an assignment, only if on its face it appeared to be drawn on a particular fund in defendants’ hands. But it appeared in all the parts that, made it a bill, to be drawn on the defendants generally. If it were an assignment, its re-delivery to plaintiff, for a valuable consideration, made it a reassignment to him of what it originally transferred. Indeed, the plaintiff’s action was upon the original contract. He had delivered the beef, and defendant had not paid for it in the manner provided. The plaintiff proved that he had complied with all the conditions precedent that the contract implied should be performed on bis part. The damages suffered by plaintiff were at least the amount of the draft.
*70 The proof that was given as to the delivery of beef, and the promises of the defendants to pay their draft was sufficient to sustain the referee’s finding as matter of fact, that the beef on account of which the draft was drawn, had actually been delivered.
There were other exceptions argued, but it is not necessary to examine them, as they related to other drafts in regard to which the referee’s findings and conclusions were in favor of defendants.
The judgment should be affirmed with costs.
Cubtis, J„, concurred.